UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Cheryl Belton, | ) | |
|---|---|---|
| | ) | Civil Action No. 6:18-200-TLW |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Ogletree, Deakins, Nash, Smoak, & Stewart, P.C. Law Firm | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Cheryl Belton, proceeding *pro se*, brought this action against Defendant Ogletree, Deakins, Nash, Smoak, & Stewart, P.C. Law Firm, alleging a state law cause of action for defamation. ECF No. 1. This matter is before the Court for review of the Report and Recommendation (the Report) filed by United States Magistrate Shiva V. Hodges to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), (D.S.C.). ECF No. 6. In the Report, the Magistrate Judge recommends dismissing the complaint without prejudice and without issuance and service of process based on lack of subject matter jurisdiction. *Id.* Subsequently, Plaintiff filed "Plaintiff's Respond to Report and Recommendations" that notes that the Magistrate Judge "is accurate in her findings in her Report and Recommendations," and seeks to amend the complaint pursuant to Federal Rule of Civil Procedure 60(d)(3). ECF No. 8.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are

addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed *de novo* the Report and the subsequent filings. The Report recommends dismissing the complaint based on lack of subject matter jurisdiction, and Plaintiff states that she agrees with the findings in the Report. Although Plaintiff requested amendment of her complaint in her response to the Report, she did not include a proposed amended complaint. In addition, Plaintiff's filing does not assert that the amended complaint would allege claims establishing subject matter jurisdiction, and, therefore, the Court finds that the motion should be denied. *See Willner v. Dimon*, 849 F.3d 93, 114 (4th Cir. 2017) ("Where, as here, the plaintiff fails to formally move to amend and fails to provide the district court with any proposed amended complaint or other indication of the amendments he wishes to make, the district court does not abuse its discretion in denying leave to amend.") (internal quotations and citations omitted); *In re Bulldog Trucking, Inc.*, 147 F.3d 347 (4th Cir. 1998).

After careful consideration, and for the reasons stated in the Report and those stated herein, the Report, ECF No. 6, is **ACCEPTED**, and Plaintiff's motion to amend the complaint, ECF No. 8, is **DENIED**. This case is hereby **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Chief United States District Judge

March 8, 2018
Columbia, South Carolina